

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-099-CR

WILLIAM CHILTON ACORD                                             APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant William Chilton Acord entered an open plea of guilty to robbery causing bodily injury and pleaded true to the repeat offender notice. The trial court sentenced Acord to forty-five years' confinement.

Acord's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396

---

[1] *... See* Tex. R. App. P. 47.4.

(1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Acord was given the opportunity to file a pro se brief, but he did not do so.  The State has not filed a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).  Because Acord entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Acord's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.  *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v.*

*State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  We therefore grant

counsel's motion to withdraw and affirm the trial court's judgment.


                                        SUE WALKER
                                        JUSTICE


PANEL: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 28, 2010